## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIM PRICE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1628** |
| **ROBERT TANNER, WARDEN** | **SECTION "B"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.[1]

### *Factual and Procedural History*

Petitioner, Tim Price, is a state prisoner incarcerated in the Rayburn Correctional

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

Center, in Angie, Louisiana.  On October 24, 2006, Price was charged by bill of information with

possession of cocaine in excess of 28 grams but less than 200 grams, in violation of Louisiana

Revised Statute 14:967(F).[2]  At the October 27, 2006 arraignment, he pleaded not guilty.

At trial, the following testimony and evidence was adduced.  In October 2006, Jefferson

Parish Police Detectives Shane Klein and Eric Dufrene participated in a narcotics investigation

that targeted Tim Price.[3]   On October 6, 2006, the officers conducted surveillance at a

convenience store in Marrero.  Based on their information, the officers knew Price would be

arriving in either a blue Chevrolet pickup truck or a white, two-door, extra-cab Toyota Tundra.

Detective Dufrene observed Price drive into the parking lot in the white Toyota Tundra.

Because Price parked about half a vehicle length from the officer's unmarked police unit,

Detective Dufrene had an unobstructed view directly into the passenger side window.  As

Detective Dufrene watched, an unknown white male approached Price's vehicle and entered

through the front seat passenger side.  He remained in the vehicle two or three minutes and

engaged in a hand-to-hand transaction with Price.  Detective Dufrene admitted he could not

see what Price handed him, but stated it was obviously an exchange between the two

---

[2] State Rec., Vol. 1 of 5, Bill of Information.

[3] As agreed upon by counsel, no mention was made at trial regarding the confidential informant who assisted in the investigation.  The details involving information obtained from the confidential informant adduced at the hearing on the motion to suppress are set forth in the court of appeal's factual summary on direct review of the assigned error involving denial of the motion to suppress.

individuals in the front seat of the vehicle.  The unknown male exited the vehicle and Price drove out of the parking lot. Detective Dufrene followed until Price stopped in front of a residence.  Detective Dufrene pulled behind him and approached the vehicle, identifying himself as a police officer.  He asked Price (the driver) and another male, Kirby Sovinette (a passenger in the front seat), to step out of the vehicle. Detective Dufrene acknowledged he had not seen Sovinette in the vehicle previously when he observed the exchange with Price. Detective Dufrene explained it was nighttime and dark and Sovinette could have been in the rear of the vehicle during the exchange.

Detective Dufrene saw a clear plastic bag in plain view directly in the center of the back seat within approximately two or three feet of Price.  He immediately recognized the substance in the bag as crack cocaine.  A subsequent chemical field test conducted by Detective Klein confirmed this.  Detective Dufrene advised both Price and Sovinette of their rights and placed them under arrest.  Further investigation revealed that Sovinette was the registered owner of the vehicle.   Detective Klein was present for the surveillance although he was not in a position to view the activity.  After officers had detained the vehicle, Detective Klein arrived on the scene and conducted the field test on the contraband Detective Dufrene found in the vehicle.  He was present when Price and Sovinette were placed under arrest.  After they were transported to the detective bureau, Price voluntarily made an oral statement to Detective

Klein and admitted that the crack cocaine in the vehicle belonged to him.[4] The statement was not formally reduced to writing or recorded.

Captain Ronald Halstead was responsible for booking Price. At the time of booking, Price possessed a total of $402 in various denominations. Sovinette had no money in his possession.

Thomas Angelica of the Jefferson Parish Sheriff's Office Crime Laboratory analyzed the substance recovered from the vehicle. The test results were positive for cocaine. The net weight of the substance was 47.43 grams.

On March 23, 2007, after a two-day jury trial, Price was found guilty as charged. On June 29, 2007, he was sentenced to 25 years imprisonment at hard labor.[5] The State filed a multiple bill of information charging him as a fourth felony offender. On October 16, 2008, following multiple offender adjudication proceedings, the trial court vacated the original sentence and sentenced Price as a fourth felony offender to35 years imprisonment at hard

---

[4] Detective Klein testified at trial that "[Price] told me the crack cocaine that was in the vehicle was his. He told me that he felt the police were watching him all day. He said although he didn't see us watching him, he could feel it. He further stated he was going to quit selling crack cocaine on Sunday, and I believe this was on October 6th this incident happened, and the Sunday he was talking about was October 8th; and he further stated that his nickname on the street is Captain Save a Hoe, and he provides prostitutes on Fourth Street with crack cocaine." State Rec., Vol. 1 of 5, Trial transcript (March 23, 2007), pp. 38-39.

[5] State Rec., Vol. 2 of 5, Transcript of original sentencing hearing held June 29, 2007.

labor without benefit of probation or suspension of sentence.[6]

On March 12, 2009, Price, through new counsel, submitted a motion for post–conviction relief and alternatively motion for a new trial to the state district court.[7] In his application, he alleged his former trial counsel rendered ineffective assistance.  On March 19, 2009, the district court denied post-conviction relief.[8]  Price sought a rehearing on the motions and also filed a separate additional motion for a new trial.  On August 21, 2009, the district court held a hearing and denied his motion for new trial.  On August 27, 2009, the district court also denied Price's request for a rehearing and rejected his claim of ineffective assistance of counsel on the merits.  Price moved for an out-of-time appeal, which was subsequently granted by the state district court on February 24, 2010.[9]

On that direct appeal, Price raised five assignments of error:  (1) the trial court erred in denying his motion to suppress the evidence and his statement; (2) the trial court erred in denying his motion to continue the trial; (3) the evidence was legally insufficient to convict

---

[6] *Id.*, Transcript of multiple offender adjudication hearing held January 22, 2008 and adjudication and sentencing held October 16, 2008.

[7] State Rec., Vol. 1 of 5, Motion for post-conviction relief and/or motion for new trial.

[8] *Id.*, State district court Order signed March 19, 2009.

[9] The district court held a hearing as ordered by the Louisiana Fifth Circuit pursuant to Price's writ application, No. 09-KH-892, to determine his entitlement to an out-of-time appeal. State Rec., Vol. 1 of 5, *State v. Price*, 09-KH-892 (La. App. 5th Cir. 12/1/09) (unpublished writ ruling).

him; (4) the evidence was insufficient to adjudicate him as a fourth felony offender; and (5) his sentence was excessive. The Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence on May 10, 2011.[10] The Louisiana Supreme Court denied his subsequent writ application without stated reasons on November 23, 2011.[11] Price did not seek review to the United States Supreme Court.

On October 18, 2012, Price filed a *pro se* application for post-conviction relief in the state district court.[12] Price asserted that he was denied effective assistance of counsel during the motion to suppress hearing, at trial and in habitual offender proceedings. On May 24, 2013, the state district court denied post-conviction relief with stated reasons.[13] On September 23, 2013, the Louisiana Fifth Circuit Court of Appeal denied his writ application for

---

[10] *State v. Price*, 10-701 (La. App. 5th Cir. 5/10/11), 66 So.3d 495; State Rec., Vol. 5 of 5.

[11] *State v. Price*, 2011-K-1221 (La. 11/23/11), 76 So.3d 1153; State Rec., Vol. 3 of 5.

[12] State Rec., Vol. 3 of 5, Uniform Application for Post-Conviction Relief. Price retained counsel to assist him with the filing and subsequent litigation of his *pro se* application. *See* Correspondence dated October 14, 2012.

[13] *Id.*, State district court order denying post-conviction relief signed May 24, 2013. By previous order issued December 10, 2012, the district court had denied his claim of ineffective assistance of counsel during sentencing as procedurally barred and instructed the State to respond to the merits of the other two claims. The May 24, 2013 order addressed the remaining two ineffective assistance of counsel claims and included detailed reasons, but failed to include a dispositive ruling regarding whether those claims were "denied." The oversight was remedied by supplemental order issued on August 5, 2013, in response to the Louisiana Fifth Circuit's order that the district court state its dispositive ruling denying post-conviction relief on claims one and two for the record.

supervisory relief.[14]  On May 23, 2014, the Louisiana Supreme Court denied his related writ application without additional stated reasons.[15]

On July 10, 2014, Price filed his federal application for *habeas corpus* relief.[16] In his petition, Price raises the following claims:  (1) the district court erred in failing to grant his request to continue the trial; (2) the evidence presented by the State was legally insufficient to support his conviction; and (3) he was denied effective assistance of counsel at the suppression hearing, trial and habitual offender proceedings.

The State filed a response conceding that the federal application is timely and that Price has exhausted his remedies in the state courts.[17]

### Discussion

### A.  *Procedural default (ineffective assistance of counsel at sentencing)*

The State suggests that Price's claim based upon ineffective assistance of counsel at

---

[14] *Id.*, *State v. Price*, 13-KH-522 (La. App. 5th Cir. Sep. 23, 2013) (unpublished writ ruling).

[15] *State ex rel. Price v. State*, 2013-KH-2453 (La. 5/23/14), 140 So.3d 721; State Rec., Vol. 3 of 5.

[16] Rec. Doc. No. 1, Petition. "A prisoner's *habeas* application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  *Roberts v. Cockrell*, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed the petition on July 10, 2014, which is presumed to be the earliest date on which it could have been delivered to prison authorities for mailing.

[17] Rec. Doc. No. 15, State's Response.

sentencing was procedurally barred in the state courts.[18]  Therefore, the Court will review the issue of procedural default before proceeding to the merits of the remaining claims.

Price contends that his counsel provided ineffective assistance during the habitual offender proceedings when he failed to object to the documentation used by the State to establish his three prior convictions and prove his fourth felony offender status.  Price raised this claim in his state application for post-conviction relief. The state district court found the claim procedurally improper and barred from consideration on post-conviction review under Louisiana Code of Criminal Procedure article 930.3, *State ex rel. Melinie v. State* and *State v. Cotton*. The Louisiana Fifth Circuit agreed with the application of the procedural bar to review of these claims citing *Cotton*, and the Louisiana Supreme Court denied subsequent relief with no additional reasons.

Generally, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the federal claim and adequate to support that judgment. *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991); *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997); *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)). This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or *habeas* review. *Amos*, 61 F.3d

---

[18] *Id*. at 20.

at 338.

A procedural restriction is "independent" if the state court's judgment "clearly and expressly" indicates that it is independent of federal law and rests solely on a state procedural bar. *Amos*, 61 F.3d at 338. To be "adequate," the state procedural rule must be strictly or regularly followed and evenhandedly applied to the majority of similar cases. *Walker v. Martin*, 562 U.S. 307, 131 S.Ct. 1120, 1127 (2011); *Glover*, 128 F.3d at 902.

The procedural rule identified herein satisfies both requirements. This Court has repeatedly held that article 930.3 and the cited cases are independent and adequate state grounds for dismissal barring federal *habeas corpus* review. *See*, *e.g.*, *Johnson v. Cain*, No. 12–0621, 2012 WL 5363327, at *4 (E.D.La. Oct. 30, 2012) (Lemelle, J.) (Article 930.3, *State ex rel. Melinie* and *Cotton* are independent and adequate); *Evans v. Cain*, No. 11–2584, 2012 WL 2565008, at *6–7 (E.D.La. Mar. 14, 2012), *report adopted by*, 2012 WL 2565001, at *1 (E.D.La. Jul. 2, 2012); *Neal v. Kaylo*, No. 01–2211, 2001 WL 1195879 (E.D.La. Oct. 10, 2001) (Duplantier, J.) (Article 930.3 and *State ex rel. Melinie* are independent and adequate); *Leonard v. Hubert*, No. 00–0511, 2001 WL 333123 (E.D.La. Apr. 4, 2001) (Schwartz, J.) (same); *Marshall v.. Hubert*, No. 00–0334, 2000 WL 1059820 (E.D.La. July 31, 2000) (Duval, J.) (same); *Ardis v. Cain*, No. 99–1862, 1999 WL 997497 (E.D.La. Oct. 29, 1999) (Berrigan, J.) (same). The state courts' reasons for dismissal of Price's claim were therefore independent of federal law and adequate to bar review of his claims in this Court.

Federal courts may look beyond the procedural default only if the *habeas corpus*

9

petitioner shows cause for the default and actual prejudice, or that the failure to reach the merits of the claim will result in a complete miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir.2002), *cert. denied*, 537 U.S. 829, 123 S.Ct. 127, 154 L.Ed.2d 43 (2002). "Cause" in this context means that "some objective factor external to the defense" prevented the petitioner from complying with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed. 397 (1986). "Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice." *Martin v. Maxey*, 98 F.3d 844, 849 (5th Cir.1996). Price has not alleged cause for his default and the record does not support a finding that any factor external to the defense prevented him from raising this claim in a procedurally proper manner.

Moreover, Price has not established that a "fundamental miscarriage of justice" would occur if this Court refuses to consider his sentencing claim. A "fundamental miscarriage of justice" exists where "the constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106,108 (5th Cir.1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir.1996) quoting *McClesky v. Zant*, 499 U.S. 467, 495,114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). The "miscarriage of justice" exception requires the petitioner to make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 quoting *McClesky v. Zant*, 499 U.S. 467, 495, 114 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1993). Price has not made this showing in the

instant case.

For these reasons, Price has failed to overcome the procedural bar and his claim of ineffective assistance of counsel for failure to object to the State's documentation used to establish his three prior convictions during the habitual offender proceedings should be dismissed with prejudice as procedurally barred.

**B. *Standards of review on the merits***

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The amendments "modified a federal *habeas* court's role in reviewing state prisoner applications in order to prevent federal *habeas* 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); *see also* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of *habeas corpus* by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by

clear and convincing evidence.").

As to pure questions of law or mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." *Bell*, 535 U.S. at 694.

A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the United States Supreme Court's cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of the United States Supreme Court and nevertheless arrives at a result different from United States Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir.), *cert. denied*, 131 S.Ct. 294 (2010). An "unreasonable application" of [United States Supreme Court] precedent occurs when a state court "identifies the correct governing legal rule... but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407-08; *White v. Woodall*, 134 S.Ct. 1697, 1706 (2014).

It is well-established that "an unreasonable application is different from an incorrect one." *Bell*, 535 U.S. at 694. A state court's merely incorrect application of Supreme Court precedent simply does not warrant *habeas* relief. *Puckett v. Epps*, 641 F.3d 657, 663 (5th

12

Cir.2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable.").  "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable" under the AEDPA." *Harrington v. Richter*, 562 U.S. 86 (2011).  Section 2254(d) preserves authority to issue the writ in cases where there is "*no possibility* fairminded jurists could disagree that the state court's decision conflicts with [United States Supreme Court] precedents." *Harrington v. Richter*, 562 U.S. at 102; emphasis added); *see also Renico v. Lett*, 559 U.S. 766, 130 S.Ct. 1855, 1866 (2010) ("AEDPA prevents defendants—and federal courts—from using federal *habeas corpus* review as a vehicle to second-guess the reasonable decisions of state courts.").

**C.** *Petitioner's Claims*

**(1)** *Denial of continuance*

Price contends the trial court erred in denying defense counsel's request for a continuance of trial.  Specifically, he argues that the trial court's ruling denied counsel adequate time to establish a defense and prepare for trial, which prevented counsel from effectively assisting him.

The Louisiana Fifth Circuit first considered this claim on a pretrial supervisory writ of review.[19]  In rejecting the claim, the court of appeal noted that defense counsel faced only a

---

[19] State Rec., Vol. 1 of 5, *State v. Price*, 07-K-197 (La. App. 5th Cir. March 21, 2007) (unpublished writ ruling).

busy calendar and no direct scheduling conflict involving a trial that would prevent him from proceeding to trial in this matter as scheduled.  Observing that "customarily, cases begun take precedent over cases calendared and not begun," the appellate court concluded it was within the trial judge's discretion to deny the motion for a continuance under the circumstances. Price asserted the claim again on direct appeal.  The Louisiana Fifth Circuit reiterated the following facts established by the record:

> Defense counsel filed a motion to continue on March 15, 2007. Defense counsel noted that he had been appointed Traffic Hearing Officer in Second Parish Court for March 2007. Defense counsel argued in the motion that his appointment prohibited him from being able to go forward with the trial. Additionally, defense counsel noted that his co-counsel would be "unavoidably out of the area." On March 19, 2007, the trial court denied the motion, noting that the court would work with defense counsel with respect to the traffic hearing officer position and that he was not even aware that co-counsel was involved in the case because defense counsel was the only party who had made appearances on behalf of defendant. Defense counsel filed an application for writs, which this Court denied on March 21, 2007.[20]

The court of appeal ultimately concluded it need not revisit the issue as Price "produced no new arguments or evidence to show that this Court's prior disposition was patently erroneous and produced unjust results."

To the extent Price may claim that the trial court's denial of a motion to continue constituted error or an abuse of discretion under state law, this is not a federal constitutional claim, but rather a question of state law, which is not a cognizable claim for federal *habeas*

---

[20] *State v. Price*, 10-701 (La. App. 5th Cir. 5/10/11), 66 So.3d 495, 501.

review. 28 U.S .C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").  Thus, to the extent Price's denial of continuance claim rests on the proper interpretation and application of state procedural law, it does not provide him a basis for federal *habeas* relief.

To the extent Price claims a violation of federal law resulted when the trial court denied his request for a continuance to allow his counsel additional time to prepare, the claim lacks merit.  Price has failed to establish a violation of due process or that the denial deprived him of effective assistance of counsel.

The United States Supreme Court has made it clear that not every denial of a request for a continuance is a denial of due process:

> The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, *particularly in the reasons presented to the trial judge at the time the request is denied*.

*Ungar v. Sarafite*, 376 U.S. 575, 84 S.Ct. 841 (1964) (citations omitted) (emphasis added).  In fact, in denying relief in *Ungar* and finding no due process violation from the denial of continuance, the Supreme Court acknowledged the likelihood of varying analyses:

> These matters are, of course, arguable, and other judges in other courts might

15

well grant a continuance in these circumstances.  But the fact that something is arguable does not make it unconstitutional.  Given the deference necessarily due a state trial judge in regard to the denial or granting of continuances, we cannot say these denials denied Ungar due process of law.

*Id*. at 591.

The Supreme Court has emphasized the broad discretion a trial court is afforded in denying a continuance:

Not every restriction on counsel's time or opportunity to investigate or to consult with his client or otherwise to prepare for trial violates a defendant's Sixth Amendment right to counsel. Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against continuances except for compelling reasons. Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary "insistence upon expeditiousness in the face of a justifiable request for delay" violates the right to the assistance of counsel.

*Morris v. Slappy*, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983).  The trial court is tasked with balancing these interests in deciding whether to grant or deny a continuance under the particular circumstances presented, but it is clear that when a denial of a continuance forms a basis of a petition for a writ of *habeas corpus*, not only must there have been an abuse of discretion, but it must have been so arbitrary and fundamentally unfair that it violates constitutional principles of due process.  *Skillern v. Estelle*, 720 F.2d 839, 850 (5th Cir. 1983).

Price has not alleged, much less demonstrated, that the Louisiana Fifth Circuit's decision involved an unreasonable application of clearly established Supreme Court precedent or an unreasonable determination of the facts.  Fairminded jurists could certainly conclude

16

that the trial court's refusal to grant the continuance request under the circumstances did not involve "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Morris*, *supra*.   Counsel had five months before the scheduled trial date to prepare and become familiar with the case.   During this time, as the record reflects, counsel engaged in discovery, filed pretrial motions and ably argued for suppression of statements and evidence.   Although no doubt burdened by a full calendar and the potential that co-counsel might be unavailable for trial, counsel presented no actual, direct conflict or justification for his inability to proceed with trial as scheduled.   Nor does the record support Price's allegation that he was denied the opportunity to present a competent defense with effective counsel at trial of this matter.   In fact, Price has not alleged specifically how he was deprived of any alleged defense by the lack of counsel's additional preparation time, or how additional time to prepare might have changed the outcome.    The Louisiana Fifth Circuit Court of Appeals reasonably concluded that the trial court had not abused its discretion in denying Price's motion for a continuance filed only five days in advance of trial.

Given the broad discretion afforded a trial court, a decision to deny a continuance under these circumstances was not an abuse of discretion so arbitrary and fundamentally unfair that it violates due process.   Accordingly, Price has not shown that the state court's denial of this claim was contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1).

**(2)  *Sufficiency of the evidence***

17

Price claims that the evidence was insufficient to support his conviction for possession of cocaine in excess of 28 grams.  He specifically contends the State failed to prove possession as well as the actual quantity of cocaine.  In rejecting this claim on direct review, the court of appeal held:

> The standard for review of the sufficiency of the evidence on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  The evidence may either be direct or circumstantial.  When circumstantial evidence is used to prove the commission of the offense, LSA–R.S. 15:438 provides that "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."  This is not a separate test from the *Jackson* standard but rather provides a helpful basis for determining the existence of reasonable doubt.  Both the direct and circumstantial evidence must be sufficient to support the conclusion that defendant is guilty beyond a reasonable doubt.  *State v. Henry*, 08–658 (La.App. 5 Cir. 10/27/09), 27 So.3d 935, 942, *writ denied*, 09–2485 (La.4/23/10), 34 So.3d 269.

> In order to support a conviction for possession of cocaine pursuant to LSA–R.S. 40:967, the State must prove beyond a reasonable doubt that the defendant was in possession of the cocaine and that he knowingly possessed it.  *State v. Walker*, 03–188 (La.App. 5 Cir. 7/29/03), 853 So.2d 61, 65, *writ denied*, 03–2343 (La.2/6/04), 865 So.2d 738.  The element of possession may be proven by showing that the defendant exercised either actual or constructive possession of the cocaine. *State v. Jones*, 08–20 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 241.  A person is in actual possession when the person has an object in their possession or on their person in such a way as to have direct physical contact with and control of the object. *State v. Bright*, 03–489 (La.App. 5 Cir. 10/28/03), 860 So.2d 196, 205, *writ denied*, 03–3409 (La.4/2/04), 869 So.2d 875.

> A person who is not in physical possession of narcotics may have constructive possession when the drugs are under his dominion and control. *State v. Manson*, 01–159 (La.App. 5 Cir. 6/27/01), 791 So.2d 749, 761, *writ denied*, 01–2269 (La.9/20/02), 825 So.2d 1156.   A determination of whether there is

18

"possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. *State v. Toups*, 01–1875 (La.10/15/02), 833 So.2d 910, 912.

In the present case, defendant claims that the State failed to prove possession. He specifically points to the fact that the owner of the vehicle, Kirby Sovinette, was in the back seat of the vehicle where the drugs were found, and therefore, the State did not exclude the reasonable hypothesis that the drugs at issue belonged to Kirby Sovinette.

In *State v. Ankrum*, 573 So.2d 244 (La.App. 1 Cir.1990), the First Circuit concluded the evidence was sufficient to support possession of cocaine convictions for three occupants of a vehicle where cocaine was found on the back right floorboard under papers and other debris. In affirming defendants' convictions, the First Circuit reasoned:

In this case, the cocaine was found on the right rear floorboard under debris. It was not cleverly concealed or in any way out of reach of each defendant. The question on appeal is whether under *Jackson*, *supra*, a rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that each defendant had dominion and control over the cocaine and that they knowingly possessed it. The record supports the finding by the jury that each of the three defendants was guilty of constructive possession of cocaine under the standards of *Jackson*.

In *State v. Savoie*, 09–103 (La.App. 5 Cir. 5/12/09), 15 So.3d 207, 213, *writ denied*, 2009–1306 (La.2/5/10), 27 So.3d 297, this Court held that the evidence was sufficient to support defendant's conviction for possession of cocaine. In *Savoie*, defendant purchased cocaine at a location under surveillance, evidence consisted of activity that officer observed while conducting surveillance, and a bag of cocaine was found on the seat of the truck between two occupants, such that defendant had dominion and control of it.

Likewise, in *State v. Manson*, 791 So.2d at 761–62, this Court found that the evidence was sufficient to establish that defendant had constructive possession

19

of cocaine found in vehicle he was driving, despite testimony the car belonged to another person. In *Manson*, the rocks of crack cocaine were located on the floorboard on the driver's side of the car. In finding constructive possession, this Court noted, "[c]onsidering that the car was in defendant's custody and the drugs were found in plain view, it is unlikely he did not know cocaine was in the car ...  It is difficult to fathom how defendant could have been completely unaware of the presence of cocaine in that car."

In the present case, we find that the evidence presented by the State proved beyond a reasonable doubt that defendant was guilty of possession of cocaine in excess of twenty-eight grams. With regard to the element of possession, Detective Dufrene testified that he saw defendant and another individual engage in a hand-to-hand transaction in the front seat of the Toyota Tundra. The officer thereafter stopped the truck and discovered a large rock of crack cocaine sitting in plain view in the middle of the rear seat of the vehicle that defendant was driving.  At trial, the officer testified that the cocaine was within two or three feet of defendant.  Moreover, once he was transported to the detective bureau, defendant admitted that the cocaine was his.  In addition to this testimony, Captain Ronald Halstead of the Jefferson Parish Sheriff's Office testified that when defendant was booked at the Jefferson Parish Correctional Center, he was in possession of $402 in various denominations.

With regard to the amount of cocaine, Thomas Angelica of the Jefferson Parish Sheriff's Office Crime Laboratory, testified that he analyzed the substance recovered from the rear seat of the truck and that the test results were positive for cocaine.  Mr. Angelica further testified that the net weight of the substance recovered from the truck was 47.43 grams.

Viewing the evidence presented in this case in the light most favorable to the prosecution, we find the evidence was sufficient to prove the elements of the charged offense beyond a reasonable doubt.  Accordingly, the arguments raised by defendant in this assigned error are without merit.[21]

The Louisiana Supreme Court then denied his related writ application without assigning

---

[21] *State v. Price*,10-701 (La. App. 5th Cir. 5/10/11), 66 So.3d 495, 502-03, *writ denied* 2011-1221 (La. 11/23/11), 76  So.3d 1153.

additional reasons.

Because a sufficiency of the evidence claim presents a mixed question of law and fact, this Court must defer to the state court's decision rejecting this claim unless petitioner shows that the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Taylor v. Day*, Civ. Action No. 98–3190, 1999 WL 195515, at *3 (E.D. La. Apr. 6, 1999), *aff'd*, 213 F.3d 639 (5th Cir.2000). For the following reasons, the Court finds that Price has made no such showing.

Under *Jackson v. Virginia*, 443 U.S. 307 (1979), a federal *habeas* court addressing an insufficiency of the evidence claim must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Williams v. Cain*, 408 F. App'x 817, 821 (5th Cir.2011); *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir.2008). Thus, to determine whether the commission of a crime is adequately supported by the record, the court must review the substantive elements of the crime as defined by state law. *Perez*, 529 F.3d at 594 (*citing Jackson*, 443 U.S. at 324 n. 16). The court's consideration of the sufficiency of the evidence extends only to what was presented at trial. *See McDaniel v. Brown*, 558 U.S. 120, 131, 130 S.Ct. 665, 672 (2010) (recognizing that a reviewing court must consider the trial evidence as a whole under *Jackson*); *Johnson v. Cain*, 347 F. App'x 89, 91 (5th Cir.2009) (*Jackson* standard relies "upon the record evidence adduced at the trial") (*quoting*

21

*Jackson*, 443 U.S. at 324).

Review of the sufficiency of the evidence, however, does not include review of the weight of the evidence or the credibility of the witnesses, because those determinations are the exclusive province of the jury. *United States v. Young*, 107 F. App'x. 442, 443 (5th Cir.2004) (*citing United States v. Garcia*, 995 F.2d 556, 561 (5th Cir.1993)); *see Jackson*, 443 U.S. at 319 (noting that it is the jury's responsibility "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts"). Thus, all credibility choices and conflicting inferences must be resolved in favor of the verdict. *Ramirez v. Dretke*, 398 F.3d 691, 695 (5th Cir.2005).

A federal *habeas* court is not authorized to substitute its interpretation of the evidence or its view of the credibility of witnesses in place of the fact-finder. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir.1995); *Alexander v. McCotter*, 775 F.2d 595, 598 (5th Cir.1985).  In addition, "[t]he *Jackson* inquiry 'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a *rational* decision to convict or acquit.' "*Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir.2001) (*quoting Herrera v. Collins*, 506 U .S. 390, 402 (1993) (emphasis added)).  Moreover, because the state court's decision applying the already deferential *Jackson* standard must be assessed here under the strict and narrow standards of review mandated by the AEDPA, the standard to be applied by this Court is in fact "twice-deferential." *Parker v. Matthews*, 132 S.Ct. 2148, 2152 (2012); *see also Coleman v. Johnson*, 132 S.Ct. 2060, 2062 (2012).

22

Price contends the State failed to exclude the reasonable hypothesis that the contraband belonged to Kirby Sovinette because the cocaine was found in the back seat of the vehicle where Sovinette was seated.  However, there was ample evidence to support a finding that Price exercised dominion and control over the cocaine found in the vehicle.  Contrary to his assertion, Price was not merely present with another individual in a location where contraband was discovered.  He clearly had access to the cocaine, which was located in plain view in the back seat of the vehicle he was driving.  Price was the occupant in the front seat observed by police engaging in the hand-to-hand exchange.  Price made a verbal statement to police that the cocaine belonged to him.  Additionally, Price was the only one in possession of any cash upon arrest.  The jury weighed this evidence, along with evidence that Sovinette was the registered owner of the truck and that he had been seated in the rear of the vehicle where the cocaine was discovered, and concluded that the State proved constructive possession by Price.  When the evidence in this case is viewed in the light most favorable to the prosecution, it simply cannot be said that the guilty verdict was irrational.

Price also argues that the State failed to exclude the reasonable hypothesis that the amount of cocaine in the mixture was at or below 28 grams.  He points to Thomas Angelica's testimony that he did not conduct a "quantization" to find the percentage of cocaine in the mixture. He weighed the contents of the bag in its entirety, which had a net weight of 47.43

grams.[22]  Therefore, Price contends he could not identify how much of the 47.43 grams was actually cocaine and the State could not satisfy its burden of proof under Louisiana Revised Statute 40:967 (F).

Under Louisiana Revised Statute 40:967(F), a defendant's punishment depends on the weight of a substance containing a *detectable amount* of cocaine.[23]  The jury in this case heard Angelica's unequivocal testimony that the net weight of the cocaine specimen was 47.43 grams and the results of his analysis established that it tested positive for cocaine.  The jury was presented with responsive verdicts, but concluded that the evidence sufficed to prove possession of at least 28 grams of cocaine.[24]  Angelica's testimony was sufficient to prove the requisite statutory elements and the jury's finding was not irrational.

The evidence in this case, viewed in the light most favorable to the prosecution, was sufficient for any rational trier of fact to find that the State satisfied the elements necessary to prove possession of cocaine in excess of 28 grams and less than 200 grams.  Therefore, Price cannot show that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

---

[22] State Rec., Vol. 1 of 5, Trial transcript (March 23, 2007), pp. 15-17.

[23] *See* 1989 La. Acts 369 (effective September 3, 1989); *State v. Temple*, 572 So.2d 662 (La. App. 5th Cir. 1990).

[24] State Rec., Vol. 1 of 5, Verdict and Responsive Verdict sheet.

**(3)  *Ineffective assistance of counsel***

Price alleges that his trial counsel rendered ineffective assistance during the suppression hearing and at trial.[25]  With regard to the motion to suppress, Price alleges that his attorney (a) failed to conduct adequate preliminary investigation; (b) failed to argue the voluntariness of his purported oral statement; (c) failed to impugn the credibility of testifying officers; (d) failed to challenge the validity of the probable cause affidavit; (e) failed to contest the reliability of the state's evidence with respect to the confidential informant; and (f) failed to allow Price to take the stand and testify.

The state district court considered Price's ineffective assistance of counsel claims on the merits.  In rejecting his claims of ineffective assistance during the motion to suppress hearing, the district court stated:

> Petitioner claims that counsel failed to investigate facts prior to the hearing, and failed to argue the voluntariness of petitioner's statement, failed to question the credibility of the testifying officers, failed to argue probable cause because the testifying officer (Klein) did not witness the transaction, failed to argue lack of credibility in the State's burden providing the confidential informant, failed to call the petitioner to the stand in the motion to suppress, and allowed violation [sic] defendant's confrontation rights.
>
> As the State surmises in its response, as to counsel's failure to investigate and as to the alleged violation of defendant's confrontation rights, the court finds these claims procedurally barred from review as they were previously litigated on appeal.  Under LSA-C.Cr.P. Art. 930.4(C), unless required in the interest of justice, any claim for relief which was fully litigated in an appeal from the

---

[25] As previously addressed, Price's claim of ineffective assistance of counsel during habitual offender proceedings was procedurally defaulted.

proceedings leading to the judgment of conviction and sentence shall not be considered.[26]   These sub-claims (and/or issues within the claims) were previously argued assignments of error in defendant's direct appeal. The merits of these sub-claims shall not be reviewed by this court.

As to petitioner's sub-claim that counsel was ineffective at the motion to suppress hearing for failure to impugn the testimony of Officer Klein, the court finds no merit.  Officer Klein testified that investigators observed a hand-to-hand transaction.  He did not testify that he personally witnessed a hand-to-hand transaction.  This was also reflected in the probable cause affidavit. Furthermore, Officer Dufrene testified at the hearing that he witnessed the transaction.  The court finds no deficiency in counsel's performance.

As to the sub-claim involving the voluntariness of defendant's statement and not calling him to the stand to testify, the court finds no deficiency in counsel's performance, as counsel participated in a motion to suppress statement, and attempted to challenge the statement.

As to the sub-claim involving the confidential informant's identity, the court finds no merit to this claim.  As the State points out in its response, the defendant was not convicted of drugs in relation to the narcotics that were distributed to the confidential informant, and no mention of the informant was made at trial.  Furthermore, a confidential informant's identity is privileged, absent exceptional circumstances. *State v. Broadway*, 96-2659 (La. 1999), 753 So.2d 801 at 815 (citing *State v. Oliver*, 430 So.2d 650 (La. 1983)).  The courts use a balancing test to determine when the informant's name must be revealed to the defense, and the public interest in protecting the flow of information must be balanced against the individual's right to prepare his defense.  Id.  The defense presents no exceptional circumstances that warrant disclosure of the identity of the confidential informant.  Furthermore, as the State points out, the reliability of this informant is irrelevant, as the defendant was [sic] charged with the cocaine distributed in the controlled buy.  The court finds no deficiency in counsel's performance, and no prejudice resulting therefrom.

---

[26] The district court ruling erroneously cites subsection C rather than subsection A.  A claim denied pursuant to La.C.Cr.P. art. 930.4(A) is not procedurally barred in a federal *habeas corpus* proceeding. *Bennett v. Whitley*, 41 F.3d 1581, 1583 (5th Cir.1994).

The court of appeal affirmed the ruling.  The Louisiana Supreme Court denied Price's related writ application without additional stated reasons.

The United States Supreme Court has established a two-pronged test for evaluating claims of ineffective assistance of counsel. Specifically, a petitioner seeking relief must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir.1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir.2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, *i.e.,* deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the *Strickland* test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir.2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir.1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371

27

(1993) (quoting *Strickland*, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir.1985).

To prevail on the prejudice prong of the *Strickland* test, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id*. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." *Crockett*, 796 F.2d at 793.

Because the state courts rejected petitioner's ineffective assistance of counsel claims on the merits and because such claims present a mixed question of law and fact, this Court must defer to the state court decision unless it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir.2002). Moreover, the United States Supreme Court has held that, under the AEDPA, federal *habeas corpus* review of ineffective assistance of counsel claims must be doubly deferential. *Woods v. Donald*, 135 S.Ct. 1372, 1376 (2015) (citing *Burt v. Titlow*, 571 U.S. __, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013) (quoting *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179

L.Ed.2d 557 (2011).

To satisfy *Strickland*, a petitioner "'who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" *Gregory v. Thaler*, 601 F.3d 347, 352 (5th Cir.2010) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir.1989)); *Moawad v. Anderson*, 143 F.3d 942, 948 (5th Cir.1998). The petitioner must provide factual support demonstrating what exculpatory evidence further investigation would have revealed. *Moawad*, 143 F.3d at 948; *Brown v. Dretke*, 419 F.3d 365, 375 (5th Cir.2005). A petitioner cannot show prejudice as to a claim that his counsel failed to investigate without adducing what the investigation would have shown and that the outcome would have been different as a result. *Diaz v. Quarterman*, 239 F. App'x 886, 890 (5th Cir.2007) (citing *Strickland*, 466 U.S. at 696). For these reasons, brief and conclusory allegations that the attorney's representation was deficient because of a failure to investigate and develop useful evidence will not suffice. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir.1994).

**(a) *Ineffective assistance of counsel during the suppression hearing***

Price first alleges generally that counsel's failure to investigate the facts and record of the case prior to the motion to suppress hearing resulted in a denial of the motion to suppress his statement. Price asserts that "counsel's unpreparedness ultimately manifested itself in the form of counsel not utilizing information that was made available to him (via discovery) which arguably negated the credibility of Detective Shane Klein, who allegedly elicited/received the

29

oral statement from petitioner."[27]  He claims that counsel's request for a continuance of trial several days before the suppression hearing shows that he was not prepared for the suppression hearing.  This is clearly a faulty premise; there is nothing contained in either the motion to continue trial or the argument presented at motion hearings to suggest that counsel was in any way unprepared for the suppression hearing.  Nor has Price pointed to any specific evidence counsel did not already have in his possession that upon further investigation would have altered the outcome of the motion to suppress.  The mere fact that a motion was unsuccessful does not indicate that counsel's performance was somehow deficient.  Price's ineffective assistance claim alleging a failure to investigate therefore fails.

Price next asserts that counsel failed to argue the voluntariness of his oral statement.  However, the record shows that defense counsel filed and ably argued a motion to suppress the statement where the testimony established that Detective Dufrene read Price his *Miranda* rights and Price indicated he understood them.  Shortly thereafter at the police station, Price voluntarily made the oral statement to Detective Klein.  There is simply no evidence in the record indicating that Price's statement was made involuntarily, and Price fails to even allege such evidence in his *habeas* petition to support his claim.  Price has therefore failed to show deficient performance by counsel in this regard.

His next subclaims challenge the propriety of counsel's examination of Detective Klein

---

[27] Rec. Doc. 1, Memorandum in support, p. 13.

at the motion to suppress hearing.  Specifically, Price contends his attorney was deficient in failing to impugn the credibility of Detective Klein with regard to his prejudicially exaggerated statements in the probable cause affidavit, violations of internal "JPSO policy or protocol" concerning his search of the confidential informant for contraband, and false testimony that Price's criminal rap sheet included a murder charge.

Price argues that counsel failed to cross-examine Detective Klein regarding the substance of his statements in the probable cause affidavit.[28]  He alleges that Detective Klein impermissibly attested to purported facts he did not witness, and exaggerated the facts actually witnessed by Detective Dufrene, who admitted he could not see what was actually exchanged.  Price has not provided any support for his contentions that the statements made in the affidavit were false or that there were contradictions between the affidavit and Detective Klein's testimony.  And as noted by the state court, the record actually refutes his contention.  No contradictions existed between the testimony and the statements made in the probable cause affidavit.  At the suppression hearing, counsel thoroughly cross-examined Detective Klein and Detective Dufrene concerning their respective roles in the investigation and surveillance of Price and their individual observations.  Detective Klein's testimony was entirely consistent with the statements in the affidavit. The evidence supports the information attested to in the probable cause affidavit.  Price has not shown that counsel's performance

---

[28] State Rec., Vol. 1 of 5, Arrest report and probable cause affidavit.

was deficient.

Furthermore, Price offers only conclusory, self-serving statements to support his assertion that Detective Klein's testimony conflicted with JPSO protocol (that male officers may not conduct personal searches of female confidential informants), and that he testified falsely and misrepresented that Price's criminal history included a murder charge.  He has not established that counsel's performance was deficient in failing to explore either matter during his cross-examination of Detective Klein during the suppression hearing.  Moreover, even if he could show deficient performance, he fails to establish that he likely would have prevailed on the motion to suppress had counsel raised the issue of these contradictions at the suppression hearing.   This claim lacks merit.

Next, Price asserts counsel was ineffective in failing to seek disclosure of the confidential informant's identity.   Price acknowledges that under Louisiana law the confidential informant's identity is generally privileged information absent exceptional circumstances, but argues that disclosure was essential to preparation of the defense for the suppression hearing.[29] He contends the confidential informant could have "shed light on the nature and purpose of her participation in the investigation, the benefit she derived therefrom, any coercion that was employed by Det. Klein...[] to get her to participate, and so that she could

---

[29] La. C.E. art. 514; *State v. Broadway*, 96-2659 (La. 1999), 753 So.2d 801, 815.

clarify who the person was that possessed the cocaine."[30]

Under both federal and state law, the prosecution is not required to disclose the identity of an informant unless the informant's identity is relevant and helpful to the defense of the accused or is essential to a fair determination of the trial. *Roviaro v. United States*, 353 U.S. 53, 59–63 (1957); *United States v. Edwards*, 133 F. App'x 960, 962 (5th Cir.2005); *State v. Coleman*, 713 So.2d 440 (La.1998). The state district court reasoned that no circumstances existed to warrant disclosure of the confidential informant's identity in this case. Price has offered nothing to show how the confidential informant's testimony might have helped in his defense. In fact, as the state district court noted, the defendant was not charged with or convicted of any crime related to the narcotics distributed to the confidential informant. Price was charged with possession of more than 28 grams of cocaine.  At trial, the confidential informant was not mentioned.  The cocaine admittedly belonging to Price and found in the vehicle provided the evidence to convict him of possession.  Under these circumstances, it was reasonable for the state court to deny relief on this claim given that counsel had no legitimate grounds upon which to have filed a motion to obtain the informant's identity and any such motion would have been denied.  For this reason, Price has failed to establish either deficient performance or prejudice.

Finally, Price alleges that his counsel was ineffective in not allowing him to testify at the

---

[30] Rec.  Doc. 1, p. 13.

motion to suppress hearing.  Price has not alleged that he made a request to testify at the suppression hearing or that counsel refused such a request.  Rather, it seems he challenges the propriety of counsel's decision not to call him as a witness.  Defense counsel obviously determined that it would not be in Price's best interest to testify at the hearing on the motion to suppress.  Price has not shown that counsel performed unreasonably either by refusing a request to testify or by determining that his testimony would not be beneficial.

Assuming Price's claim is that he wanted to testify and counsel advised against it, Price would have to establish that counsel's determination and advice was objectively unreasonable. "Because it may be tempting to find an unsuccessful trial strategy to be unreasonable, ... the defendant must overcome [a strong] presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.  Price fails to overcome the presumption that counsel made a reasonable tactical decision in not calling him as a witness. Price now alleges that he would have offered his own account of the events that actually transpired in the vehicle with the confidential informant.  According to Price, he would have testified that he never actually sold drugs to the confidential informant; she immediately alerted him to the "set up" and he ordered her to exit the vehicle. Thus, no exchange of contraband occurred.  Price cannot show that counsel was deficient in failing to offer this testimony at the suppression hearing.  Counsel could reasonably have believed that Price's testimony would not be sufficiently credible to overcome the evidence offered by the State so as to require suppression of the evidence.  Indeed the substance of his testimony

would not have refuted the sufficiency of the probable cause affidavit or changed the outcome.

Price has not demonstrated that the state court's decision rejecting this ineffective assistance of counsel claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

### (b)  *Ineffective assistance of counsel at trial*

Price also contends his attorney rendered ineffective assistance during trial when he failed to object to Detective Klein's alleged hearsay testimony and to the introduction of other-crimes evidence.  In rejecting this claim of ineffective assistance of counsel, the district court reasoned:

> Petitioner claims that Officer Klein offered hearsay testimony at trial involving seized contraband from the car.  As the State points out in its response, Officer Dufrene had already testified to this evidence, and Officer Klein's testimony was cumulative, and admission of hearsay is harmless error if the statement is merely cumulative.  The court finds no deficiency in counsel's performance, and no prejudice resulting.
>
> Petitioner claims that trial counsel was ineffective in failing to object to the testimony regarding the $400 seized from the defendant at the time of his booking, and that it constitutes other crimes evidence.  The court finds no merit to this claim, as the admission of the currency does not involve a bad act, and is not more prejudicial than probative.  The court further finds that the money seized is res gestae, akin to the evidence presented of the hand-to-hand transactions witnessed by the investigating officers.  The court notes that the defendant was not charged with simple possession of cocaine, but rather with possession of cocaine over 28 grams, which carries a much more substantial penalty.

The court of appeal affirmed the district court's findings that Price failed to prove deficiency or prejudice with respect to counsel's performance during trial.  The Louisiana Supreme Court

affirmed without additional stated reasons.

Price contends defense counsel was ineffective in failing to object when Detective Klein testified that he was not present when the vehicle was detained and Detective Dufrene retrieved the contraband from inside the vehicle.[31]  He argues this was inadmissible hearsay. Even assuming his testimony could be characterized as hearsay, the state court recognized that Detective Dufrene had already testified that he stopped the vehicle, retrieved the contraband and turned it over to Detective Klein when he arrived on the scene.[32]  Because Price cannot show a reasonable likelihood that an objection to Detective Klein's testimony as hearsay would have changed the result of the proceeding, he fails to carry his burden under *Strickland*.  The state court's determination was not objectively unreasonable.

Price also claims that counsel was ineffective in failing to object or request a limiting instruction when Deputy Halstead testified that at the time of booking Price was in possession of $402.00 in cash.[33]  Price contends this was an improper reference to "other crimes"

---

[31] State Rec., Vol. 1 of 5, Trial transcript (March 23, 2007), pp. 36-38.

[32] *Id.*, pp. 25-27.

[33] Because Price alleges that his counsel was ineffective for failing to object to the alleged other crimes evidence, the court must determine whether such objectionable evidence was presented. Otherwise, *habeas corpus* review is limited to questions of constitutional dimension, and federal courts generally do not review the admissibility of evidence under state law. *Jernigan v. Collins*, 980 F.2d 292, 298 (5th Cir.1992); *see Swarthout v. Cooke*, 562 U.S. 216, 131 S.Ct. 859, 861, 178 L.Ed.2d 732 (2011) (federal *habeas* review does not lie for errors of state law).

evidence, *i.e.,* distribution of contraband with which he was not charged).

The admissibility of other crimes evidence or prior bad acts is addressed under Louisiana Code of Evidence article 404(B).  In *State v. Prieur*, 277 So.2d 126 (La.1973), the Louisiana Supreme Court held that evidence of other acts of misconduct is generally not admissible to show the defendant's bad character, but that such evidence is allowed to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is part of the subject of the present proceeding. *See also* La. C.E. art. 404(B)(1); *State v. Jackson*, 625 So.2d 146, 148 (La.1993). To constitute impermissible other-crimes or prior-bad-acts evidence, the evidence must unambiguously implicate the defendant in another crime not integrally related to the instant offense. *State v. Edwards*, 406 So.2d 1331, 1349 (La. 1981); *State v. Holmes*, 841 So.2d 80 (La. App. 4th Cir. 2003).

As the state court properly determined, the evidence at issue does not fit the definition of prohibited other-crimes evidence under Louisiana law. The admission of testimony regarding currency in Price's possession was not evidence introduced to show a prior bad act. Furthermore, as the state court reasoned on post-conviction review, the evidence would have been admissible under the "*res gestae*" exception as an integral part of the act or transaction that is the subject of the present proceeding.  Any objection by counsel likely would have been overruled for these reasons.  Because Price has not established that the testimony was improper, he cannot show that counsel was ineffective for failing to make a meritless objection

to its admission.  The state court's rejection of this claim is neither contrary to, nor an unreasonable application of, *Strickland*.

Under the doubly deferential standards mandated by the AEDPA, there is no basis for this Court to find that the state court's decision denying Price's ineffective assistance of counsel claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

**RECOMMENDATION**

**IT IS RECOMMENDED** that Price's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (*en banc*).[34]

New Orleans, Louisiana, this 16th day of _____ June _____, 2015.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

_____

[34] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.