### UNIED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIM PRICE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1628** |
| **ROBERT TANNER, WARDEN** | **SECTION B(5)** |

### ORDER AND REASONS

Before the Court is the federal application for writ of habeas corpus filed on July 10, 2014 by pro se petitioner Tim Price pursuant to 28 U.S.C. § 2254.[1] On October 24, 2014, in answer to this petition, Robert Tanner ("Respondent"), a Warden at Rayburn Correction Center where Price is currently incarcerated, filed an answer in opposition.[2] That same day Price filed a reply.[3] The matter was referred to United States Magistrate Judge Michael North. On June 16, 2015, Judge North issued a Report and Recommendation ("R&R") recommending the petition be dismissed with prejudice.[4] On June 25, 2015, Price filed timely objections to the Magistrate Judge's R&R.[5]

For the reasons explained below, **IT IS ORDERED** that the Magistrate Judge's R&R (Rec. Doc. 18) is **ADOPTED** over Price's objections, and the instant habeas corpus petition is **DISMISSED**

---

[1] (Rec. Doc. 1).

[2] (Rec. Doc. 15).

[3] (Rec. Doc. 17).

[4] (Rec. Doc. 18).

[5] (Rec. Doc. 19).

**WITH PREJUDICE.**

**FACTUAL BACKGROUND**

Price is a state prisoner, incarcerated in Rayburn Correctional Center, in Angie, Louisiana. On October 24, 2006, he was charged with possession of cocaine in excess of 28 grams but less than 200 grams, in violation of La. Rev. Stat. § 40:967(F). Price, a fourth felony offender, was convicted following a jury trial and was sentenced to 35 years imprisonment at hard labor.

In October of 2006, Detectives Shane Klein and Eric Dufrene participated in an investigation that led to defendant's arrest. A confidential informant[6] told Detective Klein that defendant was selling crack cocaine. On October 6, 2006, the officers set up surveillance and observed defendant engage in hand-to-hand exchanges with the confidential informant and one other individual from a parked vehicle.[7] On inspection of the vehicle, Detective Dufrene found a large plastic bag of off-white rocks that looked like crack cocaine in the middle of the back seat in plain view.[8] Kirby Sovinette, the owner of the vehicle, sat next to the contraband, and defendant was in the driver's seat.[9] Detective Klein arrived and conducted a field test on the

---

[6] As agreed upon by counsel, no mention was made at trial regarding the confidential informant.

[7] *State v. Price*, 66 So. 3d 495 (La. App. 5th Cir. 2011) *writ denied*, 76 So. 3d 1153 (La. 2011).

[8] *Id.*

[9] *Id.*

substance which proved positive for cocaine.[10] Both individuals were then advised of their *Miranda* rights, placed under arrest, and transported to the detective bureau.[11] Detective Klein spoke to defendant at the detective bureau, and defendant verbally admitted that the cocaine in the truck was his.[12] At the time of booking, defendant was in possession of $402.00 in various denominations.[13]

Prior to trial, defense counsel filed a motion to continue[14] because he was appointed to participate in traffic court proceedings for March 2007, and co-counsel would be out of the area. On March 19, 2007, the trial court denied the motion, noting that the court would work with defense counsel to accommodate this obligation.[15]

On March 12, 2009, Price submitted a motion for post-conviction relief.[16] In his application, he alleged his former trial counsel rendered ineffective assistance. On March 19, 2009, the district court denied post-conviction relief.[17] Price sought a rehearing on the motions and moved for a new trial. On

---

[10] *Id.* at 499-500.

[11] *Id.*

[12] *Id.*

[13] *Id.* at 503.

[14] (State Rec. 1 of 5 at 40).

[15] *Price*, 66 So. 3d at 501.

[16] State Rec. Vol. 1 of 5, Motion for post-conviction relief and/or motion for new trial.

[17] *Id.*, State district court order signed March 19, 2009.

August 21, 2009, the district court held a hearing and denied his motion for new trial. On August 27, 2009, the district court also denied Price's request for a rehearing and rejected his claim of ineffective assistance of counsel on the merits. Price moved for an out-of-time appeal, which was subsequently granted.[18]

On May 10, 2011, the Louisiana Fifth Circuit Court of Appeal affirmed his conviction and sentence. The Louisiana Supreme Court denied his subsequent writ application without stated reasons and Price did not seek review to the United States Supreme Court.

On October 18, 2012, Price filed a pro se application for post-conviction relief in the state district court, asserting that he was denied effective assistance of counsel during the motion to suppress hearing, at trial, and the habitual offender proceedings. On May 24, 2013, the state district court denied post-conviction relief with stated reasons.[19] On September 23, 2013, the Louisiana Fifth Circuit Court of Appeal denied his writ application for supervisory relief.[20] On May 23, 2014, the

---

[18] State Rec. Vol. 1 of 5, *State v. Price*, No. 09-KH-892 (La. App. 5th Cir. Dec. 1, 2009) (unpublished writ ruling).

[19] State Rec. Vol. 3 of 5, State district court order denying post-conviction relief signed May 24, 2013. By previous order issued December 10, 2012, the district court denied his claim of ineffective assistance of counsel during sentencing as procedurally barred and instructed the State to respond to the merits of the other two claims. The May 24, 2013 order addressed the remaining two ineffective assistance of counsel claims and included detailed reasons, but failed to include a dispositive ruling regarding whether those claims were "denied." The oversight was remedied by supplemental order issued on August 5, 2013, in response to the Louisiana Fifth Circuit's order that the district court state its dispositive ruling denying post-conviction relief on claims one and two for the record.

[20] *State v. Price*, 76 So. 3d 1153 (La. 2011); State Rec. Vol. 3 of 5.

Louisiana Supreme Court denied his related writ application without additional stated reasons.

On July 10, 2014, Price filed the instant petition alleging five claims. First, he received ineffective assistance of counsel during the motion to suppress hearing. Second, the trial court's denial of his motion to continue violated his constitutional rights. Third, he received ineffective assistance of counsel at trial. Fourth, there was insufficient evidence to support his conviction. Finally, he received ineffective assistance of counsel during sentencing.

On October 24, 2014, Respondent filed a response in opposition conceding Price's timely filing and exhaustion of state court remedies on the issues raised. (Rec. Doc. 15). Respondent argues that claim five, Price's claim of ineffective assistance of counsel during sentencing, is in procedural default, and alternatively, is without merit. Additionally, claims one through four are without merit.

Price filed a reply on October 24, 2014. (Rec. Doc. 17). The matter was referred to United States Magistrate Judge Michael North who issued a R&R on June 16, 2015, wherein he recommended the petition be dismissed with prejudice. (Rec. Doc. 18). On June 25, 2015, Price filed timely objections to the

Magistrate Judge's R&R.[21]

## LAW AND ANALYSIS

### I.   Standard of Review

This Court reviews objections to a magistrate judge's report and recommendation de novo. Fed. R. Civ. P. 72(b)(3). Price has objected to claims one through five (Rec. Doc. 19), and accordingly, the respective portions of the R&R for the instant case are reviewed de novo, and the remaining portions for clear error. 28 U.S.C. § 636 (b)(1). Price filed this § 2254 action after the Anti-Terrorism and Effective Death Penalty Act's (AEDPA) April 24, 1996 effective date, and this claim is therefore governed by that statute. *Woodford v. Garceau*, 538 U.S. 202, 205 (2003).

####    A. Standard of Review: Procedural Default

A claim may not be reviewed by a federal court if the last state court to consider that claim expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision. *Finley v. Johnson*, 243 F.3d 215, 218 (5th Cir. 2001) (citations omitted). Where a lower court has rejected a claim on procedural grounds, later opinions upholding that decision are presumed to rely on the same grounds if reasons are

---

[21] (Rec. Doc. 19).

not assigned. *Id.*

B. Standard of Review: Merits

28 U.S.C. §§ 2254 (d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law in federal habeas corpus proceedings. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997).

Determinations of questions of fact by the state court are presumed to be correct and given deference unless the decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The petitioner must present "clear and convincing evidence" to overcome the presumption. 28 U.S.C. § 2254(e)(1).

A state court's determination of questions of law and mixed questions of law and fact receive deference, unless the decision was contrary to, or involved an objectively unreasonable application of Supreme Court precedent. *See Penry v. Johnson*, 215 F.3d 504, 507 (5th Cir. 2000), *aff'd in part, rev'd in part on other grounds,* 532 U.S. 782 (2001); *Hill*, 210 F.3d at 485; *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002). The burden is on the petitioner to show that the state court applied the precedent to the facts of his case in an objectively unreasonable manner. *Price v. Vincent*, 538 U.S. 634, 641 (2003); *Wright v. Quarterman*, 470 F.3d 581, 585 (5th Cir. 2006).

## II.  Analysis

Price's claims have been reorganized, but the numbering assigned to them remains consistent with the numbering used in the petition. The reorganization facilitates consideration of Price's ineffective assistance of counsel claims together.

A. Claim Five—Ineffective Assistance of Counsel at Sentencing

Price alleges that defense counsel rendered ineffective assistance at the multiple offender proceeding when failing to object to the State's use of certain documentation to establish Price's prior felony status. Furthermore, Price argues, barring him from bringing an ineffective assistance of counsel claim via a post-conviction relief proceeding wholly denies him the opportunity to raise this claim because the requirement that he raise the issue on direct appeal denies him an opportunity to receive an evidentiary hearing to establish the claim's merit.

In other words, a petitioner must bring ineffective assistance claims on direct appeal where such claims are often denied because the record does not contain sufficient evidence to support the claim. These claims are much more appropriate for post-conviction relief proceedings, where an evidentiary hearing can be made and the issue can be determined on its merits. However, current law does not allow these claims to be raised at post-conviction relief proceedings and, consequently, a

petitioner is denied the opportunity to raise this claim and have it adjudicated on the merits in light of any evidence produced at an evidentiary hearing. Price argues, the existing caselaw should therefore be overruled and his claim resolved on the merits. However, the Court concludes that this claim is procedurally barred and must be dismissed with prejudice.

The federal courts have repeatedly held that La. Code Crim. Proc. art. 930.3 and related state case law, such as *State ex rel. Melinie v. State*, 665 So. 2d 1172, 1172 (La. 1996), and *State v. Cotton*, 45 So. 3d 1030, 1030 (La. 2010), are both independent and adequate state law grounds for dismissal which bar review of similar claims in a federal habeas corpus proceeding.[22] A federal habeas petitioner may be excepted from the procedural default rule if he can show "cause" for his default and "prejudice attributed thereto." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1995); *see also Amos v. Scott*, 61 F.3d 333, 338-39 (5th Cir. 1995); *Engle v. Isaac*, 456 U.S. 107, 128-29 and n.33 (1982). To establish cause, a petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with the state's procedural rule.

---

[22] *Hull v. Stalder*, 234 F.3d 706, 2000 WL 1598016, at *1 (5th Cir. Sep. 28, 2000) (Table, Text in Westlaw); *Zantiz v. Louisiana*, No. 12–2908, 2014 WL 775577, at *7 (E.D. La. Feb. 25, 2014) (order adopting report); *Johnson v. Cain*, No. 12–0621, 2012 WL 5363327, at *4 (E.D. La. Oct. 30, 2012); *Evans v. Cain*, No. 112584, 2012 WL 2565008, at *6–*7 (E.D. La. Mar. 14, 2012), *adopted by* 2012 WL 2565001, at *1 (E.D. La. Jul. 2, 2012); *Taylor v. Cain*, No. 07–3929, 2008 WL 4186883, at * 16 (E.D. La. Sep. 10, 2008) (order adopting report); *Williams v. Cain*, No. 05–0710, 2008 WL 3363562, at *8 (E.D. La. Aug. 8, 2008) (order adopting report); *Strain*, 2014 WL 5305634, at *4-6.

*Murray v. Carrier*, 477 U.S. 478, 488 (1986). The mere fact that Price or his counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default. *Id.* at 486.

Here, Price does not allege, nor does the record support a finding that any external factor impeded his ability to comply with the state's procedural rule. Price's failure to raise this claim on direct appeal is not explained in any of his pleadings to this Court. Instead, Price presumes that a determination of procedural default will have a particular outcome, and he relies on that outcome to explain why such a bar should not be applied. In doing so, it seems that Price argues that Louisiana law prevented him from complying with the state procedural rule.

Louisiana law, however, did not bar Price from raising on direct appeal his claims of ineffective assistance of counsel during the habitual offender proceeding. In fact, the opposite is true; Louisiana law *required* that he assert his claims on direct appeal or be faced with a bar to its review if raised in a post-conviction application. *State v. Nelson*, No. 2010-KA-1445, 2011 WL 9165413, at *1 (La. App. 4th Cir. Apr. 27, 2011) (citing *State ex rel. Melinie*, 665 So. 2d at 1172) (stating that a claim of ineffective assistance of counsel at sentencing is considered on direct appeal because it is not available on post-

conviction review). La. Code Crim. Proc. art. 930.3 and related Louisiana case law prohibits post-conviction review of challenges to sentencing errors, including those raising claims of ineffective assistance of counsel during sentencing, and that prohibition has been extended to multiple offender proceedings. *State v. Thomas*, 19 So. 3d 466, 466 (La. 2009).[23]

In *Cotton*, the Louisiana Supreme Court explained that, under Louisiana law, "an habitual offender adjudication . . . constitutes sentencing for purposes of *Melinie* and La. [Code Crim. Proc.] art. 930.3, which provides no vehicle for post-conviction consideration of claims arising out of habitual offender proceedings, as opposed to direct appeal of the conviction and sentence." *Cotton*, 45 So. 3d at 1030. The court reiterated that Louisiana law prohibits post-conviction review of habitual offender proceedings, including claims of ineffective assistance of counsel related to that proceeding. *Id.* at 1030–31. The court specifically indicated that such claims are appropriately considered on direct appeal, citing La. Code Crim. Proc. art. 912 (C)(1), which provides for direct appeal of the judgment that imposes sentence. *Id.*

Thus, under Louisiana law, direct appeal was Price's

---

[23]   *See also State v. Dauzart*, 89 So. 3d 1214, 1222 (La. App. 4th Cir. 2012) (finding alleged ineffective assistance of counsel "must be addressed on appeal because sentencing errors are not reviewable post-conviction"); *Cotton*, 45 So. 3d at 1030 (finding same as to ineffective assistance of counsel during multiple offender proceedings); *Wallace v. Cain*, No. 06-11271, 2009 WL 3367052, at *14 (E.D. La. Oct. 15, 2009)(same).

initial opportunity to raise his claims of ineffective assistance of counsel at the multiple bill proceeding.[24] There was no state law prohibiting Price from raising his sentencing-related ineffective assistance of counsel claim on direct appeal where he was represented by counsel; and, had he done so, consideration of the claim on federal habeas review would not have been barred. *See*, *e.g.*, *State v. Dudley*, No. 2012-0640, 2012 WL 5383089, at *3-*4 (La. App. 1st Cir. Nov. 2, 2012) (addressing on direct appeal the merits of a claim of ineffective assistance of counsel for counsel's failure to challenge validity of prior conviction at habitual offender adjudication). Thus, contrary to Price's assertions, Louisiana law did not bar and indeed required Price to raise the claim on direct appeal, which he did not do.

To the extent that Price argues that the application of this law deprives him of the opportunity to have an evidentiary hearing on which to base any argument on direct appeal, such predicaments have been previously noted. In *State v. Martin*, No. 14-671, 2014 WL 7338515, (La. App. 5th Cir. Dec. 23, 2014), the defendant claimed ineffective assistance of counsel on post-

---

[24] *See Cotton v. Cooper*, No. 11–0231, 2011 WL 5025311, at * 11 (E.D. La. Sept. 14, 2011) ("Sentencing issues, including claims of ineffective assistance of counsel during sentencing, may be challenged in [Louisiana] state court via direct appeal."), *report adopted*, 2011 WL 5025295, at *1 (E.D. La. Oct. 21, 2011); *Nelson*, 2011 WL 9165413, at *1 (stating a claim of ineffective assistance of counsel at sentencing is to be considered on direct appeal because it is not available on post-conviction review); *State v. Smith*, 734 So. 2d 826, 834–35 (La. App. 4th Cir. 1997) (addressing on direct appeal defendant's claim of sentencing-related ineffective assistance of counsel); *State v. Burns*, 723 So.2d 1013, 1016–17 (La. App. 4th Cir. 1998) (same).

conviction relief application, but the court found that he had not exhausted the issue by raising it on direct appeal. *Id.* at *4. The defendant then filed a direct appeal raising the issue, and the appellate court determined that the record was not sufficient to determine the issue and the claim should be considered through post-conviction relief proceedings, where an evidentiary hearing could be held. *Id.* The concurring opinion noted the "procedural conundrum" and "contradictory and confusing instructions that the criminal justice system has given [applicants] in pursuing review of [their] conviction and sentence." *Id.*

Here too, any procedural predicament Price may face as a result of the state's procedural rules is noted. However, contrary to Price's argument, such a predicament does not deprive him of the opportunity to receive an evidentiary hearing on the issue, because, regardless of how labyrinthine the proper procedural steps may have been, they were still available and comported with the requirement that the applied law be independent and adequate.

The Court's review of the record does not support a finding that any factor external to the defense, or any action or inaction on the part of the State, which prevented Price from raising the claim in a procedurally proper manner. "The failure to show 'cause' is fatal to the invocation of the 'cause and

prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997) (citing *Engle*, 456 U.S. at 134 n.43).

Thus, because La. Code Crim. Proc. art. 930.3 is both independent and adequate state law grounds for dismissal which bar review of similar claims in a federal habeas corpus proceeding, and because Price has failed to establish an exception, Price's claim is procedurally barred from review by this federal habeas corpus Court.

B. **Claim One—Ineffective Assistance of Counsel at Motion to Suppress Hearing**

Price claims he received ineffective assistance of counsel at the motion to suppress hearing. To establish a claim of ineffective assistance of counsel, the petitioner is required to prove (1) counsel's representation fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88, 694. This Court may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). Scrutiny of counsel's performance under Section 2254(d) is "doubly deferential." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1403 (2011). This Court must therefore apply the

"strong presumption" that counsel's strategy and defense tactics fall "within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 690; *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999). Federal habeas courts presume that trial strategy is objectively reasonable unless clearly proven otherwise by the petitioner. *Strickland*, 466 U.S. at 689; *Moore*, 194 F.3d at 591. Thus, the question before this Court is whether the state courts' denial of relief was contrary to or an unreasonable application of United States Supreme Court precedent set forth above. *Williams v. Vannoy*, No. CIV.A. 14-1914, 2015 WL 3505116, at *14-15 (E.D. La. June 3, 2015).

Price claims that at the motion to suppress hearing, counsel (a) failed to conduct an adequate preliminary investigation. This resulted in the additional failure to (b) argue the voluntariness of the purported oral statement; (c) impugn the credibility of the testifying officers; (d) challenge the validity of the probable cause affidavit; (e) contest the reliability of the state's evidence with respect to the confidential informant; and (f) allow Price to take the stand. Price argues that if counsel had been properly prepared, he would have questioned Detective Klein's credibility, and even exposed Detective Klein's perjured testimony.

The state district court considered Price's ineffective assistance of counsel claims on the merits, and on May 24, 2014,

rejected the claims. The court reasoned that counsel's attempt to challenge the voluntariness of Price's statement, participation in a motion to suppress sufficiently rendered effective assistance. Furthermore, Price was not prejudiced because Detective Klein's testimony was cumulative in effect and there were no exceptional circumstances that warrant disclosure of the identity of the confidential informant. The Court concludes that the state district court did not unreasonably apply the standard set forth in *Strickland.* The R&R accurately and thoroughly discusses each of Price's arguments and correctly concludes that Price has not shown clear proof that defense counsel's performance fell outside of the wide range of reasonable professional assistance, or that he suffered prejudice. (Rec. Doc. 18 at 25-35).

To the extent that Price argues that the cumulative effect of the errors of counsel when combined created cumulative prejudice, Price has failed to identify any constitutional error in defense counsel's performance, leaving no basis for any alleged cumulative prejudicial effect of any error.

When the individual contentions of ineffective assistance are meritless, that result cannot be changed simply by asserting the same claims collectively. *Turner v. Quarterman*, 481 F.3d 292, 301 (5th Cir. 2007). "[I]neffective assistance of counsel cannot be created from the accumulation of acceptable decisions

and actions." *United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006); *see also Mullen v. Blackburn*, 808 F.2d 1143, 1147 (5th Cir. 1987) ([W]ith respect to cumulation of meritless claims, "Twenty times zero equals zero.").

Price's allegations of ineffective assistance of counsel fail individually, and are not any more persuasive when alleged collectively. For these reasons, he is not entitled to relief on this claim.

C. **Claim Three—Ineffective Assistance of Counsel at Trial**

Price claims that at trial counsel failed to object to testimony of two witnesses, Detective Klein and Captain Halstead. Price fails to carry his burden under *Strickland* and these claims should accordingly be dismissed.

1. *Failure to Object to the Testimony of Detective Klein as Hearsay*

Price contends defense counsel was ineffective in failing to object when Detective Klein testified that he was not present when the vehicle was detained and Detective Dufrene retrieved the contraband from inside the vehicle.[25] He argues this was inadmissible hearsay. Price argues that such an objection to this testimony would have bolstered the theory that Detective Klein's testimony was not reliable and, naturally, Detective Klein's testimony about Price's admission would have been

---

[25]  State Rec. Vol. 1 of 5, Trial transcript (March 23, 2007), at 36-38.

suspect.

Even assuming his testimony could be characterized as hearsay, the state court recognized that Detective Dufrene had already testified that he stopped the vehicle, retrieved the contraband, and turned it over to Detective Klein when he arrived on the scene.[26]

Moreover, the Court is unpersuaded by Price's attempt to show prejudice by arguing that an objection to the statement as hearsay could have been used to establish a pattern of police misconduct and thereby discredit the testimony of Detective Klein regarding Price's alleged confession. Price's argument seems to rest on a faulty premise that Detective Klein's knowledge of evidentiary rules in some way implicates his credibility as a witness. Additionally, because the objected to portion of testimony was corroborated by the testimony of Detective Dufrene, whom Price had an opportunity to cross-examine, it is unlikely that any such objection would have had a deleterious effect on Detective Klein's credibility. Therefore, Price cannot show a reasonable likelihood that an objection to Detective Klein's testimony as hearsay would have changed the result of the proceeding, and thus he fails to carry his burden under *Strickland*.

   *2. Failure to Object to the Testimony of Captain Halstead as*

---

[26]   *Id.* at 25-27.

*Evidence of Other Crimes*

Price also claims that counsel was ineffective in failing to object or request a limiting instruction when Captain Halstead testified that at the time of booking Price was in possession of $402.00 in cash. Price contends this was an improper reference to "other crimes" evidence, *i.e.*, distribution of contraband with which he was not charged.

However, Price has not shown any actual prejudice. Although he argues that this testimony implies that he was involved with the distribution of cocaine, it is not conclusive proof of other crimes. Furthermore, on cross-examination, Captain Halstead testified that it was not uncommon for other individuals to possess a similar amount of money when booked.[27] Therefore, Price does not establish that his attorney's failure to object rendered the trial proceedings unreliable and fundamentally unfair. Accordingly, the state courts' rejection of this claim was reasonable and Price's claim should be rejected here also.

D. **Claim Two—District Court's Denial of Motion to Continue**

Price claims that the district court erred in denying his motion to continue and constructively denied him effective assistance of counsel. He argues that defense counsel's other legal obligations negated his ability to effectively prepare for Price's trial, scheduled only four days after the hearing on the

---

[27]   State Rec. Vol. 1 of 5 at 230.

motion to suppress. Price, in support of this argument, points to defense counsel's statement during the trial court's hearing on the motion, that a denial of the motion would "hurt" Price's defense. This claim is without merit and should be dismissed.

To the extent that Price argues that the trial court committed an error in denying the motion to continue, to warrant federal habeas relief, Price must show that the trial court's denial of a continuance was "not only an abuse of discretion but also so arbitrary and fundamentally unfair" that it denied him due process, i.e., it rendered Price's trial fundamentally unfair. *McFadden v. Cabana*, 851 F.2d 784, 788 (5th Cir. 1988); *see Hicks v. Wainwright*, 633 F.2d 1146, 1148 (5th Cir. 1981). Hence, he has to establish "a reasonable probability that the granting of a continuance would have permitted him to adduce evidence that would have altered the verdict." *McFadden*, 851 F.2d at 788 (quoting *Kirkpatrick v. Blackburn*, 777 F.2d 272, 280 (5th Cir. 1985)).

Price has failed to demonstrate that he is entitled to any relief on his claim. Even if this Court were to determine that the trial court abused its discretion in denying Price's motion to continue, Price fails to demonstrate a reasonable probability that an impeachment of Detective Klein's testimony regarding the involvement of a confidential informant—testimony which was not made available to the jury during trial—would have altered the

verdict. Furthermore, Detective Dufrene testified to witnessing an exchange between Price and an unknown male, as well as finding a clear plastic bag in plain view directly in the center of the back seat within approximately two or three feet of Price, with later testing confirming Detective Defrene's suspicion that the substance in the bag was in fact crack cocaine weighing 47.43 grams. These lab results were made available to the jury at trial as well. Thus, Price has not demonstrated a reasonable probability that a different outcome would have resulted at trial notwithstanding Detective Klein's testimony in light of the other evidence considered by the jury at trial.

Therefore, his claim that the trial court erred in denying his motion to continue does not entitle him to habeas relief. *Hernandez v. Day*, 26 F.3d 1118 (5th Cir. 1994).

Price further asserts that the denial of his motion to continue resulted in a constructive denial of effective assistance of counsel. The Court is not persuaded by this argument.

Constructive denial of effective assistance of counsel is a narrow exception to *Strickland*, where a petitioner need not show prejudice if counsel *entirely fails* to subject the prosecution's case to meaningful adversarial testing. *See United States v. Cronic*, 466 U.S. 648, 659 (1984) (emphasis added) (citation

omitted). The Fifth Circuit has concluded that a constructive denial of counsel occurs "only in a very narrow spectrum of cases where the circumstances leading to counsel's ineffectiveness are so egregious that the defendant is in effect denied *any meaningful assistance at all.*" *Craker v. McCotter*, 805 F.2d 538, 542 (5th Cir. 1986).

The instant case does not fall within that narrow spectrum of cases described in *United States v. Cronic.* The record indicates that counsel, with five months leading up to the scheduled trial date, prepared and became familiar with the case by engaging in discovery, filing pretrial motions and arguing ably for the suppression of statements and evidence. Thus, Price has not shown that trial counsel's active representation was so deficient as to fail to subject the State's case to meaningful adversarial testing and thus to amount constructively to "no representation at all." *See Fink v. Lockhart*, 823 F.2d 204, 206 (8th Cir. 1987) (determining that counsel's failure *inter alia* to interview witnesses prior to trial, to conduct *voir dire*, or to make an opening statement was not presumptively prejudicial under *Cronic* because counsel cross-examined the State's witnesses and made a closing argument); *cf. Martin v. Rose*, 774 F.2d 1245, 1250-51 (6th Cir. 1984) (presuming prejudice under *Cronic* when counsel failed to participate in *any* aspect of the petitioner's trial). Hence, trial counsel's performance does not

justify a presumption of prejudice, and any failure of counsel to investigate witnesses and avenues of defense is best characterized as a failure to perform his investigatory duties, which must be analyzed under the two-pronged test enunciated in *Strickland*. *See Woodard v. Collins*, 898 F.2d 1027, 1029 (5th Cir. 1990).

When analyzed under *Strickland*, Price's claim fails because he has not satisfied *Strickland*'s prejudice prong, *i.e.*, he has not demonstrated a reasonable probability that the trial's result would have been different. *See Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). As previously discussed, Price has not demonstrated a reasonable probability that a different outcome would have resulted at trial notwithstanding Detective Klein's testimony in light of the other evidence considered by the jury at trial.

Therefore, Price has not shown that the trial court's denial of his motion to continue was in error, nor has he sustained his burden to show ineffective assistance of counsel, either constructive or otherwise. Accordingly, this claim is without merit and should be dismissed with prejudice.

E. **Claim Four—Sufficiency of the Evidence**

Price claims that his conviction was not supported by sufficient evidence because the state failed to prove the elements of quantity and possession. Price argues that the

state's failure to perform a quantization test creates reasonable doubt because the actual amount of pure cocaine present could have been below 28 grams.[28] Furthermore, he argues, the state failed to prove possession because it did not exclude the reasonable hypothesis that the contraband belonged to Kirby Sovinette, especially in light of Detective Klein's impeachable testimony of Price's admission of ownership of the contraband.

This claim is without merit and should be dismissed. Louisiana law allows for a crime to be proven by both direct and circumstantial evidence. La. Rev. Stat. § 15:438; *Vannoy*, 2015 WL 3505116, at *12. "The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." La. Rev. Stat. § 15:438. However, on federal habeas corpus review, the court does not apply this state law "reasonable hypothesis" standard, and instead must apply *Jackson*. *See Gilley v. Collins,* 968 F.2d 465, 467 (5th Cir. 1992). Under *Jackson v. Virginia*, 443 U.S. 307 (1979), a federal habeas court addressing an insufficiency of the evidence claim must determine, after viewing the evidence in the light most favorable to the prosecution, whether a rational trier of fact could have found that the essential elements of the crime

---

[28] Angelica testified that the state is able to determine the exact amount of cocaine present by percentage through a technique called quantization, which is done upon request, though not performed in this case.

were proven beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Williams v. Cain*, 408 F. App'x 817, 821 (5th Cir. 2011); *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008). Review of the sufficiency of the evidence, however, does not include review of the weight of the evidence or the credibility of the witnesses, because those determinations are the exclusive province of the jury. *United States v. Young*, 107 F. App'x 442, 443 (5th Cir. 2004). Moreover, because the state court's decision applying the already deferential *Jackson* standard must be assessed here under the strict and narrow standards of review mandated by the AEDPA, the standard to be applied by this Court is in fact "twice-deferential." *Parker v. Matthews*, 132 S.Ct. 2148, 2152 (2012).

Price's theory that the state failed to carry its burden by performing a quantization test fails because under Louisiana Revised Statute 40:967(F), a defendant's punishment depends on the weight of a substance containing a *detectable amount* of cocaine—not the amount of *pure* cocaine. La. Rev. Stat. § 40:967(F); *State v. Temple*, 572 So.2d 662 (La. App. 5th Cir. 1990). The jury in this case heard Angelica's unequivocal testimony that the net weight of the cocaine specimen was 47.43 grams and the results of his analysis established that it tested positive for cocaine. The jury was presented with responsive verdicts, but concluded that the evidence sufficed to prove

possession of at least 28 grams of cocaine.[29] Angelica's testimony was sufficient to prove the requisite statutory elements and the jury's finding was not irrational.

Furthermore, there was ample evidence to support a finding that Price exercised dominion and control over the cocaine found in the vehicle. Contrary to his assertion, Price was not merely present with another individual in a location where contraband was discovered. He clearly had access to the cocaine, and was observed by police engaging in the hand-to-hand exchange. Price made a verbal statement to police that the cocaine belonged to him. Additionally, Price was the only one in possession of any cash upon arrest. The jury weighed this evidence, along with evidence that Sovinette was the registered owner of the truck and that he had been seated in the rear of the vehicle where the cocaine was discovered, and concluded that the State proved constructive possession by Price. When the evidence in this case is viewed in the light most favorable to the prosecution, it simply cannot be said that the guilty verdict was irrational. Moreover, the record reflects ample evidence for a rational trier of fact to convict notwithstanding Detective Klein's testimony of Price's admission, or Captain Halstead's testimony regarding the amount of cash Price possessed when booked.

Therefore, Price cannot show that the state court's

---

[29]  State Rec. Vol. 1 of 5, Verdict and Responsive Verdict sheet.

decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, Price's claim that the evidence presented at trial was insufficient to support his conviction is without merit and should be dismissed with prejudice.

**CONCLUSION**

Price's claim five is procedurally barred and claims one through four lack merit. Accordingly, **IT IS ORDERED** that the Magistrate Judge's R&R (Rec. Doc. 18) is **ADOPTED** over Price's objections, and the instant habeas corpus petition is hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 17th day of August, 2015.

UNITED STATES DISTRICT JUDGE